UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

In re
        LEGACY HEALTHCARE, LLC,

                        Debtor,

_____

_____

LEGACY HEALTHCARE, LLC., et al.,

                        Plaintiff-Appellees,

                                                    ORDER
            v.                                      09-CV-1102A
                                                    09-CV-1103A

THE STATE OF NEW YORK, et. al.,

                        Defendants-Appellants.

_____


        Legacy Healthcare , LLC ("Legacy") moves for a stay pending its appeal to

the Second Circuit of this Court's June 22, 2010 Decision and Order vacating an

injunction that had been granted in its favor by Bankruptcy Judge Michael J.

Kaplan.  Judge Kaplan had enjoined defendant New York State Department of

Health ("DOH") from effecting the closure of Williamsville Suburban Nursing

Home ("Williamsville Suburban"), a nursing home facility owned by Legacy.

Williamsville Suburban had been targeted for closure by the Berger Commission

while Legacy's Chapter 11 bankruptcy proceeding was pending in bankruptcy

court.

1

After Williamsville Suburban was recommended for closure, Legacy commenced an adversary proceeding in bankruptcy court seeking to prohibit DOH from implementing the closure. The bankruptcy court ruled in favor of Legacy and enjoined DOH from effectuating the closure. DOH appealed the bankruptcy court's injunction to this Court. On June 22, 2010, this Court vacated the injunction and granted summary judgment in favor of DOH as to Legacy's sole claim of estoppel.

Legacy then appealed this Court's ruling to the Second Circuit and moved for an order staying the closure pending appeal.

The standard for granting a stay pending appeal is well-settled. Before granting a stay, the Court considers: (1) whether the stay applicant is likely to succeed on the merits of the appeal; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See In re World Trade Center Disaster Site Litigation*, 503 F.3d 167, 170 (2d Cir. 2007). The Circuit has stated that " the degree to which a factor must be present varies with the strength of the other factors, meaning that 'more of one [factor] excuses less of the other.' " *Id.* (quoting *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006)).

Upon consideration of four factors, the Court finds that a stay pending appeal should be granted. Although Legacy has not made a strong showing that

it is likely to succeed on appeal, other factors support a stay. In particular, Legacy has demonstrated that it will suffer irreparable harm if a stay is not granted. Legacy seeks to prevent the closure of Williamsville Suburban while the appeal is pending. The merits of the appeal relate to whether DOH should be permitted to close the facility at all. If DOH is permitted to close the facility pending appeal, that action will essentially moot the appeal. "[W]here the denial of a stay pending appeal risks mooting [the] appeal," irreparable harm is established. *See In re DBSD North America, Inc.,* 2010 WL 1838630 (S.D.N.Y. May 7, 2010). Even if that were not the case, the threat of closure of the nursing home is, by itself, sufficient to establish irreparable harm. *See Roso-Lino Beverage Distribs. Inc. v. Coca-Cola Bottling Co. of New York, Inc.,* 749 F.2d 124, 125-26 (2d Cir. 1984) (noting that threatened loss of an ongoing, established business constitutes irreparable harm).

As to the third factor, the Court does not believe that DOH will suffer substantial injury if the stay is granted. Although DOH certainly has an interest in fulfilling the mandate of the Berger Commission as soon as possible, there has already been significant delay. The nursing home was recommended for closure in January 2007 and closure was mandated to occur on June 2008. Williamsville Suburban has been continuing to operate for two years after it was supposed to have closed. The Court does not believe that delaying the closure for a few more months so that the appeal can be heard would have a significant adverse impact

upon the DOH, particularly compared to the irreparable harm that Legacy will suffer if the stay is denied.

As to the fourth factor, the public interest, the Court finds that the public interest weighs in favor of granting the stay. Although the public has an interest in fulfilling the mandate of the Berger Commission by closing Williamsville Suburban, the closure of the facility will undoubtedly disrupt the lives of its existing residents. If a stay is denied, the elderly and disabled patients that currently reside at the facility will be forced out of their rooms and their familiar surroundings. Of course, if this Court's June 22, 2010 Decision and Order is affirmed on appeal, the residents will need to be moved anyway. However, if Legacy is successful on its appeal, the relocation of those residents will have been unnecessary. The Court believes that it is in the best interest of those elderly and disabled patients, their loved ones, and the public to permit the residents to remain at Williamsville Suburban until such time as closure is determined to be certain. In sum, the Court finds it prudent to preserve the status quo pending appeal.

Accordingly, for the reasons stated herein, the motion for a stay pending appeal is granted.

SO ORDERED.

_s/ Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: September 20, 2010